UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

TELLONEY GAYLE,

          Plaintiff,

  -against-

CITY OF NEW YORK, EDWIN ESPINAL, Individually,
BRANDON GRASSER, Individually, MAGGIE WIT,
Individually, and JOHN AND JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

          Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

  Plaintiff TELLONEY GAYLE, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

  1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the United States. Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

  2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

  3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### **VENUE**

  4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff TELLONEY GAYLE is a thirty-nine-year-old black man who was at all relevant times residing in Queens, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, EDWIN ESPINAL, BRENDAN GRASSER, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    Defendant CITY OF NEW YORK maintains the New York City Fire Department (hereinafter referred to as "FDNY"), a duly authorized public authority authorized to perform all functions of a fire department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

11.    That at all times hereinafter mentioned, the individually named defendant, MAGGIE WIT was a duly sworn employee of the FDNY and was acting under the supervision

of said department and according to her official duties.

12.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

14.     On November 14, 2021, at approximately 2:15 p.m., plaintiff TELLONEY GAYLE was present in front of his residence located at 92-10 179th Place, Queens, New York, when he was first approached by approximately four defendant officers, including defendant Sergeant EDWIN ESPINAL.  Additional officers arrived shortly thereafter.

15.     Defendant BRANDON GRASSER was among the group of officers who approached plaintiff.

16.     Plaintiff had just exited his residence to throw out trash when he was approached.

17.     The officers approached plaintiff with their firearms drawn and told plaintiff that they had a warrant for his arrest.

18.     Upon information and belief, this was untrue.

19.     Approximately five to six defendants, including ESPINAL and GRASSER, proceeded to, without limitation, grab plaintiff's upper body, taser him, and tackle him to the ground.

20.     Plaintiff was tasered multiple times during the encounter.

21. In addition, while plaintiff was on the ground, plaintiff was, without limitation, held face down while defendant officers stood on his legs and ankles, and struck on the right side of his face multiple times by, upon information and belief, defendant ESPINAL, with his radio.

22. Plaintiff was neither resisting arrest, nor had he engaged in any conduct which warranted the use of force.

23. As a result of the needless beating, plaintiff was bleeding and unresponsive on the ground.

24. Plaintiff remained laying apparently unresponsive on the ground when FDNY paramedics arrived on the scene.

25. Approximately four minutes after the FDNY paramedics arrived, plaintiff was involuntarily, unreasonably administered the sedative Midazolam, by defendant WIT, in violation of his due process rights.

26. Plaintiff was neither violent nor combative when the Midazolam was administered.

27. Defendant WIT owed plaintiff a duty of care to provide appropriate medical attention to plaintiff.

28. Defendant WIT failed in this duty by administering Midazolam despite that the medication was medically unnecessary, and in so doing violated her duty of care.

29. Defendant WIT's administration of Midazolam was not consistent with accepted professional standards.

30. Plaintiff was transported to Jamaica Hospital from the scene of his arrest.

31. At Jamaica Hospital, plaintiff presented as sedated, with, *inter alia*, swelling to his eye, a laceration to his eyelid and thigh, wrist pain and bruising about his body. Plaintiff was

diagnosed with right medial and inferior orbital wall fractures, with herniation of the orbital fat and a portion of the medial rectus muscle into the ethmoid right sinuses, with edema within the right orbit with associated proptosis. The laceration to plaintiff's right eye lid was closed with five sutures, and the laceration to plaintiff's left thigh was closed with eleven sutures.

32. Plaintiff was discharged from Jamaica Hospital on November 15, 2021, and thereafter transported to the 103rd precinct and imprisoned therein.

33. On November 16, 2021, plaintiff was brought in custody to Queens Hospital for further treatment.

34. Plaintiff's injuries necessitated ongoing treatment and resulted in ongoing symptoms, including, without limitation, experiencing floaters in his right eye, headaches, scarring to his right eyelid, left thigh, and stomach from taser prongs, and emotional distress.

35. Defendants GRASSER, and JOHN and/or JANE DOE 1 through 10 either directly participated in the above illegal acts or failed to intervene in them despite being present throughout the incident and otherwise aware of the illegal acts described herein and possessing a meaningful opportunity to intervene.

36. Defendant ESPINAL, and/or other supervisors on scene, were aware of, approved of, or otherwise participated in and/or failed to report or intervene in the above acts of misconduct.

37. All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees; and pursuant to customs or practices of employing excessive force and of covering up abuse by fellow officers.

38. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK

is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force and that officers and paramedics engage in cover ups of police abuse.

39. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers and paramedics in the present case to violate the plaintiff's civil rights.

40. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers and paramedics and failed to adequately train and supervise them.

41. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

42. All of the aforementioned acts deprived plaintiff TELLONEY GAYLE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

44. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

45. As a result of the foregoing, plaintiff TELLONEY GAYLE sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47. The level of force employed by the defendant NYPD officers was excessive, objectively unreasonable, and otherwise in violation of plaintiff TELLONEY GAYLE'S constitutional rights.

48. As a result of the aforementioned conduct of the NYPD defendants, plaintiff TELLONEY GAYLE was subjected to excessive force and sustained serious physical injuries and emotional distress.

49. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Due Process under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendant WIT's involuntary administration of medication under the

circumstances presented here was a substantial departure from accepted professional judgment, practice, or standards, and violated plaintiff's right to due process.

52. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. The NYPD defendant officers had an affirmative duty to intervene on behalf of plaintiff TELLONEY GAYLE, whose constitutional rights were being violated in their presence by other NYPD officers.

55. The NYPD defendant officers failed to intervene to prevent the unlawful conduct described herein.

56. As a result of the foregoing, plaintiff TELLONEY GAYLE was subjected to excessive force.

57. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. The supervisory NYPD defendant officers, including defendant ESPINAL, personally caused plaintiff's constitutional injury by their direct involvement and by being deliberately or consciously indifferent to the rights of plaintiff in failing to properly supervise and train their subordinate employees.

60. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

63. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, employing excessive force, and by the NYPD and FDNY of aiding in the covering up of abuse by officers. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff TELLONEY GAYLE'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers

and paramedics, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, NYPD, and FDNY constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TELLONEY GAYLE.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, NYPD, and FDNY were the direct and proximate cause of the constitutional violations suffered by plaintiff TELLONEY GAYLE as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, NYPD, and FDNY were the moving force behind the Constitutional violations suffered by plaintiff TELLONEY GAYLE as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, NYPD, and FDNY, plaintiff TELLONEY GAYLE was unlawfully subjected to physical abuse and involuntarily and unnecessarily sedated.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TELLONEY GAYLE'S constitutional rights.

69. All of the foregoing acts by defendants deprived plaintiff TELLONEY GAYLE of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force;

    B. To due process;

    C. To be free from supervisory liability; and

       D.     To be free from failure to intervene.

70. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

73. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

74. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

75. Plaintiff has complied with all conditions precedent to maintaining the instant action.

76. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. As a result of the foregoing, plaintiff TELLONEY GAYLE was placed in apprehension of imminent harmful and offensive bodily contact.

79. As a result of defendants' conduct, plaintiff TELLONEY GAYLE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

80. The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers and paramedics, is responsible for said officers and paramedics' wrongdoing under the doctrine of *respondeat superior*.

81. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendants made offensive contact with plaintiff TELLONEY GAYLE without privilege or consent.

84. As a result of defendants' conduct, plaintiff TELLONEY GAYLE suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

85. Defendant City, as employer of defendants, is responsible for said defendants' wrongdoing under the doctrine of *respondeat superior*.

86. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted, battered, and unnecessarily medicated plaintiff TELLONEY GAYLE.

89. Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

90. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Upon information and belief, the defendant CITY OF NEW YORK failed to use

reasonable care in the training and supervision of the aforesaid defendants who assaulted, battered, and unnecessarily medicated plaintiff.

93. As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York against defendant WIT)

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendant WIT, who was on duty and acting in the scope of her employment when she wrongfully administered a sedative to plaintiff.

96. Defendant City, as employer of defendant WIT is responsible for her negligent acts under the doctrine of *respondeat superior*.

As a result of the foregoing, plaintiff TELLONEY GAYLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff TELLONEY GAYLE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       February 12, 2023

                                                BRETT H. KLEIN, ESQ., PLLC
                                                Attorneys for Plaintiff TELLONEY GAYLE
                                                305 Broadway, Suite 600
                                                New York, New York 10007
                                                (212) 335-0132

                               By: *Brett Klein*
                                                BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

TELLONEY GAYLE,

                                      Plaintiff,

                                      Docket No.

      -against-


CITY OF NEW YORK, EDWIN ESPINAL, Individually,
BRANDON GRASSER, Individually, MAGGIE WIT,
Individually, and JOHN AND JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                  Defendants.

---------------------------------------------------------------------------------X


**COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132